# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SHELTON GLADNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:12CV3 |
| | ) |
| JOSEPH B. HALL, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entries 1, 16.) On February 2, 2010, Petitioner pled guilty in the Superior Court of Guilford County to conspiracy to traffic in cocaine, trafficking in cocaine by transportation, trafficking in cocaine by possession, maintaining a vehicle to keep controlled substances, and possession with intent to sell and deliver cocaine in cases 09 CRS 84775 through 84779. (Docket Entry 23-2; see also Docket Entry 1, ¶¶ 1-2, 4-6; Docket Entry 16, ¶¶ 1-2, 4-6.) On June 1, 2010, Petitioner pled guilty to robbery with a dangerous weapon and first degree burglary in cases 10 CRS 75227 and 75228. (Docket Entry 23-3; see also Docket Entry 1, ¶¶ 1-2, 4-6; Docket Entry 16, ¶¶ 1-2, 4-6.) The trial court then consolidated the drug-related convictions and sentenced Petitioner to 35 to 42 months of imprisonment. (Docket Entry 1-1 at 9-10;[1] see also

---

[1] For attachments to the Petition, as well as portions of the Petition lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

Docket Entry 1, ¶ 3; Docket Entry 16, ¶ 3.)[2] The trial court also consolidated the robbery and burglary convictions and sentenced Petitioner to a second, consecutive term of 73 to 97 months of imprisonment. (Docket Entry 1-1 at 19-20; see also Docket Entry 16, ¶ 3.) Petitioner did not file a direct appeal. (See Docket Entry 1, ¶¶ 8, 9.)[3]

Petitioner did file a pro se motion for appropriate relief ("MAR") with the state trial court (Docket Entry 8-3), which the trial court denied on the merits (Docket Entry 8-4). The record does not reflect that Petitioner sought review of the trial court's order denying that MAR; however, Petitioner did file a second pro se MAR with the state trial court. (Docket Entry 8-5.) The trial court summarily denied that second MAR as procedurally barred. (Docket Entry 8-6.) Thereafter, the North Carolina Court of Appeals denied Petitioner's certiorari petition and the North Carolina Supreme Court dismissed his petition for discretionary review ("PDR"). (Docket Entry 1-1 at 1-26 (PDR), 28 (order denying

---

[2] The trial court did not sentence Petitioner on the drug charges at the time of his first guilty plea on February 2, 2010, because the court continued the prayer for judgment to a later session of court to permit Petitioner to provide substantial assistance in the form of "truthful testimony against his charged co-conspirator" pursuant to N.C. Gen. Stat. § 90-95(h)(5). (See Docket Entry 23-2 at 4.) The record does not reflect whether Petitioner provided substantial assistance to the prosecution. However, on June 1, 2010, Petitioner admitted that he had committed robbery with a dangerous weapon and first-degree burglary on April 13, 2010. (Docket Entry 23-3.) Accordingly, the trial court sentenced Petitioner for both the February 2, 2010, and the June 1, 2010, convictions on June 1, 2010. (Docket Entries 23-2, 23-3.)

[3] Petitioner checked the box for "Yes" as to whether he appealed his convictions (see Docket Entry 1, ¶ 8); however, his ensuing explanation makes clear that he did not file a direct appeal, but instead pursued collateral relief (see id., ¶ 9).

certiorari), 29 (order dismissing PDR); Docket Entry 8-7 (certiorari petition.)

Petitioner subsequently submitted his instant Petition to this Court. (Docket Entry 1.) Petitioner later moved for leave to amend his Petition (Docket Entry 5) and the Court granted that request by deeming the new allegations in the motion as amendments to the Petition which Respondent had to answer (Docket Entry 6).[4] Thereafter, Petitioner filed an Amended Petition purporting to add another ground for relief. (Docket Entry 16.) The undersigned Magistrate Judge then denied Respondent's motion to dismiss the Petition on statute of limitation grounds (Docket Entry 7), and ordered Respondent to answer the Petition, as amended by Docket Entry 5, and to respond to Docket Entry 16, which the undersigned construed as a motion to amend the Petition (as previously amended by Docket Entry 5). (Docket Entry 19.) Respondent moved for summary judgment and addressed all of Petitioner's claims, including those within Docket Entry 16. (Docket Entries 22, 23.) Petitioner has responded in opposition. (Docket Entry 25.) The parties have consented to disposition of this case by a United States Magistrate Judge. (See Docket Entry 12.)[5]

---

[4] In the same motion, Petitioner also opposed an earlier motion filed by Respondent for extension of time and requested the appointment of counsel and an evidentiary hearing. (See Docket Entry 5.) The undersigned denied those portions of the motion. (See Docket Entry 6.)

[5] After Petitioner submitted his instant Petition, he filed a third pro se MAR with the state trial court. (Docket Entry 23-4.) The trial court summarily denied that MAR (Docket Entry 23-5) and the North Carolina Court of Appeals denied Petitioner's certiorari petition (Docket Entry 23-6 (petition); Docket Entry 23-8 (order denying petition).

-3-

## I. Petitioner's Claims

Petitioner has raised four claims for relief in his Petition: (1) he received ineffective assistance of counsel in that his trial counsel misrepresented the plea bargain as involving concurrent rather than consecutive sentences (see Docket Entry 1 at 5); (2) his trial counsel coerced him into pleading guilty (see id. at 6); (3) "[b]oth sentences was [sic] to be ran [sic] concurrent, and consolidated into one sentence" (id. at 8);[6] and (4) "during [his] plea hearing [he] was on mind impairment medications" (id. at 10). In the filing that the Court deemed a proper amendment (Docket Entry 5; see also Docket Entry 6), Petitioner added allegations that his trial counsel provided ineffective assistance "by failing to bring to the [trial] court's attention that the police illegal [sic] search [sic] his house . . . and illegally held 'him' without bond, and never read him his constitutional rights . . . for three days until a detective came and seen [sic] him" (Docket Entry 5 at 2). Petitioner's subsequent Amended Petition purports to add a claim of ineffective assistance of counsel based on his trial counsel's failure to give notice of appeal in open court, inform Petitioner about his appellate rights and object to the State's use of a prayer for judgment continued ("PJC") to increase Petitioner's

---

[6] Petitioner frequently writes in all capitals, but (for ease of reading) the Court utilizes standard capitalization conventions when quoting his filings.

-4-

prior record level and enhance his sentence. (See Docket Entry 16 at 3-5.)[7]

## II. Habeas Standards

The Court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, "[b]efore [the] [C]ourt may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to [this] [C]ourt in a habeas petition. The exhaustion doctrine . . . is now codified at 28 U.S.C. § 2254(b)(1)." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also 28 U.S.C. § 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, expressly waives the requirement.").

When a petitioner has exhausted state remedies, this Court must apply a highly deferential standard of review in connection with habeas claims "adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d). More specifically, the Court may not grant relief unless a state court decision on the merits

---

[7] The undersigned previously construed the Amended Petition (Docket Entry 16) as a motion to amend the Petition, and directed that Respondent file a response to the motion (see Docket Entry 19 at 5 n.7). As Respondent has instead addressed the merits of the additional claim asserted by Petitioner in his Amended Petition (see Docket Entry 23 at 13-18), the undersigned will grant the motion to amend the Petition (Docket Entry 16) as uncontested.

-5-

"was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. To qualify as "contrary to" United States Supreme Court precedent, a state court decision either must arrive at "a conclusion opposite to that reached by [the United States Supreme] Court on a question of law" or "confront[] facts that are materially indistinguishable from a relevant [United States] Supreme Court precedent and arrive[] at a result opposite" to the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of United States Supreme Court case law "if the state court identifies the correct governing legal rule from [the United States Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see also id. at 409-11 (explaining that "unreasonable" does not mean merely "incorrect" or "erroneous").

### III. Discussion

**Claims 1, 2, and 3[8]**

In his first two claims for relief, Petitioner asserts that his trial counsel provided ineffective assistance and coerced him into pleading guilty by misrepresenting the plea bargain as involving concurrent rather than consecutive sentences. (See

---

[8] As Petitioner's Claims 1, 2, and 3 are interrelated, the undersigned will analyze them together.

Docket Entry 1 at 5, 6.) Similarly, in his third claim, Petitioner alleges that "[b]oth sentences was [sic] to be ran [sic] concurrent, and consolidated into one sentence." (Id. at 8.) Those claims provide no basis for relief.

Petitioner raised the substance of those claims for the first time in his second MAR (see Docket Entry 8-5 at 3-7)[9] and the state court denied the claims on procedural default grounds (see Docket Entry 8-6). Under North Carolina law, an MAR court may deny relief if, "[u]pon a previous [MAR], the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so." N.C. Gen. Stat. § 15A-1419(a)(1). Because the claims at issue allege errors occurring at the time of Petitioner's guilty pleas in February and June 2010, he could have raised those claims in his first MAR filed on December 17, 2010, but failed to do so. (See Docket Entry 8-4.) Accordingly, the trial court correctly applied Section 15A-1419(a)(1)'s procedural bar to those claims. (See Docket Entry 8-6.) The Fourth Circuit has consistently found Section 15A-1419 to constitute an adequate and independent state ground precluding federal habeas review. See,

---

[9] Petitioner did not fairly present the substance of Claims 1, 2, and 3 in his first MAR. (See Docket Entry 8-3.) In that MAR, Petitioner merely checked a box on a pre-printed form which stated: "Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charges and consequences of the plea." (Id. at 4 (citations omitted).) Although the form instructed Petitioner that "[e]ach allegation below of a constitutional violation must be supported by specific facts alleged in part (2) above" (see id.), Petitioner did not include in part (2) of the form any facts indicating that his counsel coerced Petitioner's plea or misrepresented that Petitioner's sentences would run concurrently (see id. at 2). "For a claim to be exhausted, 'both the operative facts and the controlling legal principles must be presented to the state court.'" Winston v. Kelly, 592 F.3d 595, 549 (4th Cir. 2010) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)) (emphasis added).

e.g., Thomas v. Polk, 176 F. App'x 377, 381 (4th Cir. 2006); Bacon v. Lee, 225 F.3d 470, 476 (4th Cir. 2000) (citing cases).

In light of the procedural bar, Petitioner must demonstrate either that cause for and prejudice from his procedural default exists or that the refusal to address this claim will result in a miscarriage of justice. Longworth v. Ozmint, 377 F.3d 437, 447–48 (4th Cir. 2004). He has made no specific argument on these points. (See Docket Entry 25.)

Although not argued by Petitioner, the United States Supreme Court in Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012), "held that cause for a petitioner's default on an ineffective assistance of trial counsel claim may be established if (1) the claim is 'substantial' (i.e., has some merit), (2) the default occurred during a proceeding designated by state law as the first opportunity for raising the particular claim, and (3) the petitioner lacked the effective assistance of counsel during the proceeding." White v. Keller, No. 1:10CV841, 2013 WL 791008, at *2 n.2 (M.D.N.C. Mar. 4, 2013) (unpublished) (Schroeder, J.) (citing Martinez, 132 S. Ct. at 1317–20). Here, however, even assuming

Martinez otherwise applies,[10] Petitioner has not demonstrated the requisite substantiality of his ineffective assistance claim.

"[R]epresentations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing as well as any findings made by the judge accepting the plea constitute a formidable barrier in subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). A petitioner challenging his plea "necessarily . . . assert[s] that not only his own transcribed responses, but [also] those given by two lawyers, were untruthful . . . ." Id. at 80 n.19. "In the absence of clear and convincing evidence to the contrary, [a petitioner] must be bound by what he said at the time of the plea." Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984).

Here, Petitioner claims that his trial counsel coerced him into pleading guilty and misrepresented that Petitioner's sentences would run concurrently contradict Petitioner's sworn declarations

---

[10] Respondent argues that Martinez does not apply "because North Carolina does not prohibit ineffective assistance of trial counsel claims from being raised on direct appeal" and notes that such claims must be raised on direct appeal "when[] the claim is apparent from the cold record and requires no further investigation or an evidentiary hearing to develop the claim." (Docket Entry 23 at 19.) The Fourth Circuit's recent decision in Fowler v. Joyner, 753 F.3d 446 (4th Cir. 2014), casts doubt on whether Martinez would apply to Petitioner's ineffective assistance claims. Fowler, 753 F.3d at 463 (holding that "North Carolina does not fall neatly within Martinez or Trevino[ v. Thaler, ___ U.S. ___, 133 S. Ct. 1911 (2013)]. Ineffective-assistance-of-trial-counsel claims that are apparent from the record must be brought by the prisoner on direct appeal and, as to those claims, 'the state collateral review proceeding [is not] the initial review proceeding in respect to the ... claim.' Trevino, 133 S. Ct. at 1918 (internal quotation marks omitted). Accordingly, they are subject to procedural default under N.C.G.S. § 15A-1419, and the Martinez exception to Coleman[ v. Thompson, 501 U.S. 722 (1991)] will provide the prisoner no relief on federal habeas. Ineffective-assistance-of-trial-counsel claims that are not so apparent, however, will fall within the Martinez exception."). Given Petitioner's failure to show the substantiality of his ineffective assistance claim, the undersigned will not resolve the question of Martinez's applicability.

on the transcript of plea forms. (Docket Entries 23-2, 23-3.) Most significantly, in connection with his drug charges, Petitioner represented to the trial court that he, his trial counsel and the prosecutor had agreed on the following plea arrangement:

> 1. That the [drug] charges shall be consolidated for judgment purposes.
>
> 2. That prayer for judgment shall be continued until on or after the criminal session beginning 2-1-10 pursuant to 90-95h5.
>
> 3. That the defendant agrees, if called upon by the state to provide truthful testimony against his charged co-conspirator.
>
> 4. That upon the state's prayer for judgment the court shall impose any additional terms deemed appropriate.

(Docket Entry 23-2 at 4 (Feb. 2, 2010).) Subsequently, in connection with his robbery and burglary charges, Petitioner averred:

> 1. That the [robbery and burglary] charges shall be consolidated for judgment purposes.
>
> 2. That the Court shall impose any additional terms deemed appropriate.
>
> 3. That the state shall voluntarily dismiss (unrelated) 10-65357 (embezzlement).

(Docket Entry 23-3 at 4 (June 1, 2010).) In that regard, Petitioner swore that the above-quoted plea arrangements constituted the <u>full and correct agreements</u>, that no one promised him anything or threatened him in any way to cause him to enter the pleas against his wishes, and that he entered the pleas of his own free will, fully understanding his actions. (Docket Entry 23-2 at 4; Docket Entry 23-3 at 4.)

Petitioner further indicated that he did not have any questions about the pleas or about anything else connected to his case. (Id.) Petitioner's trial counsel and the prosecutor each certified that Petitioner had agreed to the plea arrangements as above-described. (Id.) The record reflects the trial court then sentenced Petitioner in accordance with those plea arrangements. (Docket Entry 8-2 (judgments).) Accordingly, Petitioner's conclusory and unsupported assertion that the plea arrangements he signed <u>implicitly</u> guaranteed him concurrent sentences for the drug charges and the robbery/burglary charges falls far short of the "clear and convincing evidence" necessary for this Court to disregard his sworn and unambiguous statements, and those of his counsel and the prosecutor, to the contrary at the plea hearing. <u>Little</u>, 731 F.2d at 239 n.2.[11]

Thus, even assuming Martinez applies, Petitioner has not demonstrated a substantial ineffective assistance claim and cannot show cause to excuse his procedural default. Accordingly, Claims 1, 2, and 3 fail as procedurally barred.

**<u>Claim 4</u>**

As a fourth ground for relief, Petitioner contends that "during [his] plea hearing [he] was on mind impairment medications" including Elavil, Neurontin, and "medications for [pneumonia]." (Docket Entry 1 at 10.) Presumably, Petitioner argues the

---

[11] Even absent a procedural bar, Petitioner's Claims 1, 2, and 3 would fail on their merits for the same reasons. <u>Little</u>, 731 F.2d at 239 n.2 (requiring "clear and convincing evidence" to overcome sworn representations made at a plea hearing).

-11-

invalidity of his guilty pleas due to alleged impairment from that medication at his plea hearing(s). As with Petitioner's first three claims, the instant claim faces a procedural bar.

Petitioner raised the substance of Claim 4 for the first time in his second MAR (see Docket Entry 8-5 at 3)[12] and the state court denied that claim on procedural default grounds under N.C. Gen. Stat. § 15A-1419(a)(1) (see Docket Entry 8-6). Because that claim alleged errors occurring at the time of his guilty pleas in February and June 2010, Petitioner could have raised that claim in his first MAR filed on December 17, 2010, but failed to do so. (See Docket Entry 8-4.) Accordingly, the trial court correctly applied Section 15A-1419(a)(1)'s procedural bar to that claim. (See Docket Entry 8-6.)

In light of that procedural bar, which generally bars relief in this Court, see Bacon, 225 F.3d at 476, Petitioner must demonstrate either that cause for and prejudice from his procedural default exists or that the refusal to address this claim will result in a miscarriage of justice, Longworth, 377 F.3d at 447–48. He has made no specific argument on these points (see Docket Entry

---

[12] Again, Petitioner did not fairly present the substance of Claim 4 in his first MAR. (See Docket Entry 8-3.) In that MAR, Petitioner merely checked a box on a pre-printed form which stated: "Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with an understanding of the nature of the charges and consequences of the plea." (Id. at 4 (citations omitted).) Although the form instructed Petitioner that "[e]ach allegation below of a constitutional violation must be supported by specific facts alleged in part (2) above" (see id.), Petitioner did not include in part (2) of the form any facts concerning mind-impairing medications (see id. at 2). "For a claim to be exhausted, 'both the operative facts and the controlling legal principles must be presented to the state court.'" Winston v. Kelly, 592 F.3d 595, 549 (4th Cir. 2010) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)) (emphasis added).

25), and no reason to excuse the default appears in the record. The undersigned thus finds Claim 4 procedurally barred.[13]

**Claim 5**

In his fifth ground for relief, brought pursuant to a motion to amend the Petition (Docket Entry 5), which the undersigned allowed (Docket Entry 6), Petitioner alleges that his "trial counsel was ineffective by failing to bring to the [trial] court's attention that the police illegal[ly] search[ed] his house, and kick[ed] in the door of his house, . . . and then took [Petitioner] [downtown] and illegally held [Petitioner] without bond, and never read him his constitutional rights . . . for three days until[] a detective came and [saw] him" (Docket Entry 5 at 2). As Petitioner did not appeal and failed to raise this claim in any of his three MARs,[14] the claim is both unexhausted under 28 U.S.C. § 2254(b)(1)(A) and procedurally barred by N.C. Gen. Stat. § 15A-1419(a)(1). Moreover, Petitioner has failed to make any arguments

---

[13] Beyond the procedural bar, Petitioner's Claim 4 fails on its merits because, under Little, 731 F.2d at 239 n.2, his conclusory assertion of impairment cannot overcome his sworn statements at the plea hearings that he was not "under the influence of alcohol, drugs, narcotics, medicines, pills, or any other substances" (Docket Entry 23-2 at 2; Docket Entry 23-3 at 2).

[14] Petitioner's mere checking of a box on the pre-printed form of his first MAR which stated that his "[c]onviction [was] obtained by use of evidence gained in an unconstitutional search and seizure" does not suffice to fairly present the substance of his instant claim to the state court. "For a claim to be exhausted, 'both the operative facts and the controlling legal principles must be presented to the state court.'" Winston v. Kelly, 592 F.3d 595, 549 (4th Cir. 2010) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)) (emphasis added).

to show cause and prejudice or a miscarriage of justice necessary to overcome the default.[15] Claim 5 fails as procedurally barred.

**Claim 6**

Finally, Petitioner asserts ineffective assistance of counsel based on his trial counsel's failure to (1) give notice of appeal in open court, (2) inform Petitioner about his appellate rights, and (3) object to the State's use of a PJC to increase Petitioner's prior record level and enhance his sentence. (See Docket Entry 16 at 3-5.) As with Petitioner's other claims, Claim 6 fails procedurally.

Petitioner did not raise the substance of this claim until his third MAR filed on October 22, 2012 (see Docket Entry 23-4) and the trial court denied the MAR as procedurally barred under N.C. Gen. Stat. § 15A-1419(a)(1) and (b) (see Docket Entry 23-5). Further, Petitioner makes no argument that cause and prejudice or a miscarriage of justice exist to excuse his default. (See Docket Entries 16, 25.)

Moreover, even if Martinez applies to this claim, Petitioner has not shown that his ineffective assistance claim possesses the requisite substantiality. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's

---

[15] Furthermore, to the extent Martinez even applies, Petitioner cannot rely upon such conclusory, unsupported allegations of ineffective assistance to establish cause to excuse the default. See Martinez, 132 S. Ct. at 1317-20 (requiring "substantial" ineffective assistance claims to overcome procedural default); see also Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (holding that "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"), abrogated on other grounds, Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

-14-

performance fell below a reasonable standard for defense attorneys and, second, that prejudice resulted. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). To demonstrate prejudice in the context of a guilty plea, Petitioner must show a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Meyer v. Branker, 506 F.3d 358, 369 (4th Cir 2007). Petitioner cannot make this showing.

In regards to his assertion that trial counsel failed to notice an appeal (Docket Entry 16 at 5), Petitioner has offered no facts to show that he ever asked his trial counsel to give notice of appeal in open court. Counsel cannot supply deficient performance by failing to notice an appeal in the absence of a request to do so from the client. See Wood v. Woodson, No. 3:14-cv-136-JAG, 2014 WL 5410633, at *5 (E.D. Va. Oct. 23, 2014) (unpublished) (rejecting ineffective assistance claim premised on failure to file appeal where no facts showed the petitioner ever requested counsel to appeal).

Petitioner also alleges that trial counsel neglected to inform him of his appeal rights. (Docket Entry 16 at 5.) However, no basis exists for Petitioner's argument that, under the circumstances present here, his trial counsel had an obligation to advise him about a direct appeal. The Supreme Court has held that:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular

> defendant reasonably demonstrated to counsel that he was
> interested in appealing.

Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). In assessing whether counsel has such a duty, the Court should consider "all the information counsel knew or should have known." Id. (citing Strickland v. Washington, 466 U.S. 668, 690 (1984)). "[A] highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. Under the test in Roe, Petitioner's trial counsel did not have a duty to consult with Petitioner about further proceedings, given that Petitioner pleaded guilty, received sentences consistent with his stipulations at the time of his pleas, and failed to allege he ever demonstrated to counsel any interest in pursuing further litigation. See Wood, 2014 WL 5410633, at *5 (finding no duty to consult regarding an appeal under Roe where the petitioner pleaded guilty and "professed his satisfaction with his defense").

Additionally, Petitioner claims ineffective assistance based on his trial counsel's failure to object to the State's use of a PJC to increase Petitioner's prior record level and enhance his sentence. (Docket Entry 16 at 3-5.) Petitioner contends that the North Carolina Court of Appeals first authorized the use of PJCs to calculate prior record levels in the July 20, 2010 decision, State v. Craven, 205 N.C. App. 393, 403-05, 696 S.E.2d 750 (2010),

affirmed in part, and reversed on other grounds in part, ___ N.C. ___, 744 S.E.2d 458 (2013). (Id. at 4.) As the trial court sentenced Petitioner on June 1, 2010, prior to the Craven decision, Petitioner argues that the state had no legal authorization to calculate his prior record level using the February 2, 2010 PJC. (Id.) This argument lacks merit.

Contrary to Petitioner's assertion, the Court of Appeals in Craven did not decide whether the state may permissibly use PJCs in calculating prior record levels. Rather, the defendant in that case argued that the two-year delay between the PJC and the judgment and sentencing divested the trial court of jurisdiction and prejudiced him. Craven, 205 N.C. App. at 403-05, 696 S.E.2d at 756-57. The appellate court merely found that "[t]he two-year delay in and of itself [wa]s not unreasonable," that the defendant had consented to the delay, and that no prejudice existed, because "had the trial court entered judgment at some earlier point for the . . . conviction [subject to the PJC], that conviction would still have been used to determine his prior record level." Id., 205 N.C. App. at 405, 696 S.E.2d at 757. Thus, counsel could not have rendered deficient performance by failing to make a meritless objection under Craven to the state's use of Petitioner's PJC in determining his prior record level.

In sum, a procedural bar precludes federal habeas review of Petitioner's sixth ground for relief.

## IV. Conclusion

Petitioner has not shown a valid basis for habeas relief.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry 22) is **GRANTED,** that the Petition (Docket Entry 1), as amended by Docket Entries 5 and 16, is denied, and that Judgment be entered dismissing this action without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 1, 2014